IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

LONNIE KADE WELSH,                )
                                  )
        Plaintiff,                )
                                  )
v.                                )
                                  )
MISTY DIAZ, *et al.*,             )
                                  )
        Defendants.               )   Civil Action No. 5:22-CV-237-C-BQ

### ORDER

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge therein recommending that the Court dismiss with prejudice Welsh's claims related to: (1) Lamb County, Deputy Weston, Administrator Diaz, and Sheriff Maddox under the Fourteenth Amendment for preventing Welsh from exercising; (2) Deputy Garza under the Fourteenth Amendment for forcing Welsh to sign a disciplinary hearing waiver form and denying him his right to notice of the factual allegations against him and a hearing; (3) Administrator Diaz under the Fourteenth Amendment for confiscating commissary items purchased before his commissary restriction began; (4) Lamb County under the First and Fourteenth Amendments for denying Welsh internet access so that he could express his opinion in the Texas Supreme Court election; (5) Lamb County and Sheriff Maddox under the First and Fourteenth Amendments for switching the cable system and denying Welsh radio access and video games; (6) Lamb County and Sheriff Maddox under the Fourteenth Amendment and Texas Constitution for promulgating rules and punishing Welsh without legislative or judicial authority; (7) Lamb County, Sterling Corporation, and Prodigy Services under the Sherman Act for

conspiring to inflate commissary and phone rate prices; (8) Lamb County, Administrator Diaz, Deputy Armstrong, Sheriff Maddox, Deputy Klatt, and Deputy Cotton under the Fourteenth Amendment for denying Welsh his right to refuse medical treatment and using excessive force; (9) Jailers Whitaker, Molina, and Fultz under the First and Fourteenth Amendments for retaliating against Welsh for filing grievances against Whitaker; (10) Lamb County, Sheriff Maddox, and Administrator Diaz under the Fourteenth Amendment for denying Welsh access to his KIOSK mail and the opportunity to show his entitlement to his mail; (11) Deputies Weston and Thompson under the Fourteenth Amendment for excessive use of force; (12) Jailer Martinez and MTC employees Winckler and Powell under the Fourteenth Amendment for failure to intervene during the use of force; (13) Deputy Weston, Deputy Thompson, Deputy Klatt, Deputy Cotton, Deputy Armstrong, Jailer Martinez, Sheriff Maddox, MTC Employee Winckler, MTC Employee Powell, Lamb County, and Administrator Diaz under the Fourteenth Amendment for denying Welsh his liberty interest in not having restraints used on him; (14) Administrator Diaz and Sheriff Maddox under the Fourteenth Amendment for denying Welsh mental health treatment; (15) Lamb County, Administrator Diaz, and Sheriff Maddox under the First Amendment for denying Welsh the ability to order books and publications; (16) Lamb County for its "high" phone prices, which chills his First Amendment rights; and (17) Lamb County under the Fourteenth Amendment for maintaining a policy that resulted in denying Welsh due process after his newsletters were confiscated or rejected.

  The United States Magistrate Judge further recommends that the Court dismiss Welsh's claim against Lamb County related to alleged conditions of confinement that deny Welsh sleep. Alternatively, the United States Magistrate Judge suggests that if Welsh should seek leave to

amend or supplement his Complaint within the fourteen-day objection period with facts that satisfactorily address the deficiencies identified, then it is recommended the Court order Lamb County to answer or otherwise plead to the claim.

Finally, as to the sole remaining claim against Sheriff Maddox and Administrator Diaz in their individual capacities under the Fourteenth Amendment for failing to notify and provide Welsh with process after confiscating his newsletters, the United States Magistrate Judge recommends that the Court order Defendants to answer or otherwise plead to the claim.

The Court conducts a *de novo* review of those portions of the Magistrate Judge's report or specified proposed findings or recommendations to which a timely objection is made. 28 U.S.C. § 636(b)(1)(C). Portions of the report or proposed findings or recommendations that are not the subject of a timely objection will be accepted by the Court unless they are clearly erroneous or contrary to law. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

After due consideration and having conducted a *de novo* review, the Court finds that Plaintiff's objections should be **OVERRULED**. The Court has further conducted an independent review of the Magistrate Judge's findings and conclusions and finds no error. It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court. For the reasons stated therein, Plaintiff's claims listed above as 1-17 are **DISMISSED** with prejudice.[1] As to the sole remaining claim against Sheriff Maddox and Administrator Diaz in their individual capacities under the Fourteenth Amendment for failing to notify and provide Welsh with process after

---

[1] The Court finds that although Welsh seeks leave to amend his claims against Lamb County, he has failed to identify actual or constructive knowledge of a widespread practice of leaving the lights on in the jail. The grievances relied on by Welsh in his objections are not sufficient evidence to support said claim.

confiscating his newsletters, the Court **ORDERS** said Defendants to answer or otherwise plead to the claim.

SO ORDERED.

Dated September 16, 2024.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE